UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BRENDA ALLEN and DONALD
ALLEN, SR.

    Plaintiffs        CASE NO.:

v.

NCL CORPORATION, LTD.; NCL
(BAHAMAS), LTD., d/b/a NORWEGIAN
CRUISE LINE; and NCL AMERICA LLC,
d/b/a NCL AMERICA

    Defendants
_____/

## COMPLAINT

Plaintiffs, Brenda Allen and Donald Allen, Sr. by and through their undersigned attorneys, sue Defendants, NCL Corporation, Ltd.; NCL (Bahamas), Ltd. d/b/a Norwegian Cruise Line; NCL America, LLC d/b/a NCL America, and allege:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of $75,000, exclusive of costs, interests and attorneys' fees as specified by 28 U.S.C. 1332, and is otherwise within the jurisdiction of this Court.

2. This is an action for personal injury damages.

3. At all times material hereto, Plaintiffs Brenda Allen and Donald Allen, Sr., were husband and wife, and were citizens and residents of the State of Georgia.

4. At all times material hereto, Defendants did business in Florida as "NORWEGIAN CRUISE LINE" and were doing business in Florida operating a cruise line common

carrier of passengers, providing cruise voyages to paying passengers and owned, possessed, controlled, and/or operated a cruise ship known as the "PRIDE OF AMERICA" in furtherance of its business.

5. At all times material hereto, Defendant NCL America, LLC d/b/a NCL America is and has been a foreign limited liability company incorporated under the laws of Delaware, with its principal place of business in Hawaii.

6. NCL America, LLC d/b/a NCL America is authorized to do, and is doing business in the State of Florida at 7665 Corporate Center Drive Miami, Florida 33126.

7. At all times material hereto, Defendant NCL Corporation, Ltd., is and has been a foreign corporation incorporated under the laws of Bermuda, with its principal place of business located at 7665 Corporate Center Drive Miami, Florida 33126.

8. At all times material hereto, Defendant NCL (Bahamas), LTD d/b/a Norwegian Cruise Line is and has been a foreign corporation incorporated under the laws of Bermuda, with its principal place of business located at 7665 Corporate Center Drive Miami, Florida 33126.

9. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. 1332 as the parties are completely diverse, and the amount in controversy exceeds the statutory amount.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1333(1) Saving to Suitors, and in the alternative, pursuant to 28 U.S.C. 1333 and Rule 9(h) of the Federal Rules of Civil Procedure and under the General Maritime Law of the United States.

11. Venue is proper in the Southern District of Florida because the principal place of business of Defendants NCL Corporation, Ltd., and NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line is in Miami, Miami-Dade County, Florida.

12. Venue is also proper because all Defendants have conducted and continue to conduct substantial business in Miami-Dade County, Florida.

13. Venue is also proper because Defendants have consented that jurisdiction and venue are proper in the Southern District of Florida, Miami, Florida division under the terms and conditions of the Guest Ticket Contract. A copy of the Guest Ticket Contract is attached hereto as Exhibit "**A**".

14. All conditions precedent to bringing this action have occurred, including Plaintiffs providing written notice of their claim to Defendants pursuant to the terms of the Guest Ticket Contract. All other conditions precedent have been performed, excused, discharged, satisfied, or waived.

15. Plaintiffs were fare-paying passengers on board the PRIDE OF AMERICA vessel during a cruise that originated from Hawaii beginning on May 28, 2016 through June 4, 2016 and were at all material times hereto lawful passengers and invitees on the vessel making use of the facilities as fare-paying passengers.

16. On or about May 29, 2016, Plaintiff Brenda Allen, while on board the PRIDE OF AMERICA, was seriously injured by the negligence of the Defendants.

17. Specifically, Brenda Allen tripped and fell as a result of a raised edge that ran along the edge of a curved pedestrian walkway located on the PRIDE OF AMERICA vessel. The subject raised edge was of a similar and/or identical color to the floor, which resulted in the creation of an illusion that the subject walkway and raised edge were part of the same

plane and level of flooring as the floor. This condition resulted in a hidden and dangerous condition, hazard, trap, and/or nuisance.

18. The Defendants own and operate the PRIDE OF AMERICA vessel.

19. The area of the pedestrian walkway and subject walkway is within the exclusive control of Defendants.

20. At the time of the incident, Plaintiffs were being led into the area that contained the hidden and dangerous condition by and at the direction of an employee and/or agent of the Defendants.

## COUNT I- NEGLIGENCE AS TO NCL CORPORATION, LTD

21. Plaintiffs re-allege paragraphs 1 through 20 above as though fully set forth herein and further allege:

22. Defendant NCL Corporation, Ltd., at all times material hereto, owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in a reasonably safe condition and to avoid creating any hazards or dangerous conditions of which the Defendant knew, or through the exercise of reasonable care should have known.

23. Moreover, Defendant had the duty to warn Plaintiff of any dangerous conditions of which Defendant knew, or through the exercise of reasonable care should have known.

24. On or about May 29, 2016, Defendant and its agents, servants, and/or employees breached the above duty of care by:

   (a) negligently failing to maintain its passenger/pedestrian walkways in a reasonably safe condition for use by Plaintiff and others similarly situated;

(b) negligently failing to exercise reasonable care under the circumstances;

(c) negligently failing to remedy, eliminate or correct the dangerous condition of which it either knew or should have known of through the use of reasonable care;

(d) negligently failing to have a demarcation, marker and/or other object on the raised edge of the pedestrian walkway to indicate a change in elevation, causing Brenda Allen to fall when she stepped forward and the floor level changed;

(e) negligently allowing the illusion that one continuous level of flooring existed with respect to the pedestrian walkway at issue, at the time of the subject incident;

(f) negligently failing to warn Brenda Allen of the illusion that the walkway was one continuous level or plane;

(g) negligently failing to warn Brenda Allen of the dangerous condition, of which Defendants knew or should have known;

(h) negligently failing to properly train and supervise its employees and/or crew members regarding warning passengers of unsafe, hidden or dangerous conditions on board or to identify and remedy such unsafe, hidden or dangerous conditions;

(i) negligently designing and/or constructing or creating the dangerous condition that existed in the passenger/pedestrian walkway;

25. At all times material herein Defendant, knew or, in the exercise of reasonable care, should have known of the existence of this hazardous tripping condition, and/or the

condition had existed for a sufficient length of time that Defendant knew or should have known of the condition and could have easily remedied the condition by marking the raised edge or giving a verbal warning to fare paying passengers and invitees coming onto their vessel.

26. As a direct and proximate result of Defendant's negligence, Brenda Allen, violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and Plaintiff will suffer losses and impairment into the future.

**WHEREFORE**, Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against Defendant and demands a jury trial of all issues so triable.

## COUNT II- NEGLIGENCE AS TO NCL (BAHAMAS), LTD., d/b/a NORWEGIAN CRUISE LINE

27. Plaintiffs re-allege paragraphs 1 through 20 above as though fully set forth herein and further alleges:

28. Defendant NCL (Bahamas), Ltd., d/b/a Norwegian Cruise Line, at all times material hereto, owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in a reasonably safe condition and to avoid creating any hazards or dangerous conditions of which Defendant knew, or through the exercise of reasonable care should have known.

29. Moreover, Defendant had the duty to warn Plaintiff of any dangerous conditions of which Defendant knew, or through the exercise of reasonable care should have known.

30. On or about May 29, 2016, Defendant and its agents, servants, and/or employees breached the above duty of care by:

   (a) negligently failing to maintain its passenger/pedestrian walkways in a reasonably safe condition for use by Plaintiff and others similarly situated;

   (b) negligently failing to exercise reasonable care under the circumstances;

   (c) negligently failing to remedy, eliminate or correct the dangerous condition of which it either knew or should have known of through the use of reasonable care;

   (d) negligently failing to have a demarcation, marker and/or other object on the raised edge of the pedestrian walkway to indicate a change in elevation, causing Brenda Allen to fall when she stepped forward and the floor level changed;

   (e) negligently allowing the illusion that one continuous level of flooring existed with respect to the pedestrian walkway at issue, at the time of the subject incident;

   (f) negligently failing to warn Brenda Allen of the illusion that the walkway was one continuous level or plane;

   (g) negligently failing to warn Brenda Allen of the dangerous condition, of which Defendants knew or should have known;

   (h) negligently failing to properly train and supervise its employees and/or crew members regarding warning passengers of unsafe, hidden or dangerous conditions on board or to identify and remedy such unsafe, hidden or dangerous conditions;

      (i) negligently designing and/or constructing or creating the dangerous condition that existed in the passenger/pedestrian walkway;

31. At all times material herein Defendant knew or, in the exercise of reasonable care, should have known of the existence of this hazardous tripping condition, and/or the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied the condition by marking the raised edge or giving a verbal warning to fare paying passengers and invitees coming onto their vessel.

32. As a direct and proximate result of Defendant's negligence, Plaintiff, Brenda Allen, violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and the Plaintiff will suffer losses and impairment into the future.

**WHEREFORE**, Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against Defendant and demands a jury trial of all issues so triable.

<u>**COUNT III- NEGLIGENCE AS TO NCL AMERICA LLC, d/b/a NCL AMERICA**</u>

33. Plaintiffs re-allege paragraphs 1 through 20 above as though fully set forth herein and further allege:

34. Defendant NCL America, LLC, d/b/a NCL America, at all times material hereto, owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in

a reasonably safe condition and to avoid creating any hazards or dangerous conditions of which the Defendant knew, or through the exercise of reasonable care should have known.

35. Moreover, Defendant had the duty to warn Plaintiff of any dangerous conditions of which Defendant knew, or through the exercise of reasonable care should have known.

36. On or about May 29, 2016, Defendant and its agents, servants, and/or employees breached the above duty of care by:

   (a) negligently failing to maintain its passenger/pedestrian walkways in a reasonably safe condition for use by Plaintiffs and others similarly situated;

   (b) negligently failing to exercise reasonable care under the circumstances;

   (c) negligently failing to remedy, eliminate or correct the dangerous condition of which it either knew or should have known of through the use of reasonable care;

   (d) negligently failing to have a demarcation, marker and/or other object on the raised edge of the pedestrian walkway to indicate a change in elevation, causing Brenda Allen to fall when she stepped forward and the floor level changed;

   (e) negligently allowing the illusion that one continuous level of flooring existed with respect to the pedestrian walkway at issue, at the time of the subject incident;

   (f) negligently failing to warn Brenda Allen of the illusion that the walkway was one continuous level or plane;

    (g) negligently failing to warn Brenda Allen of the dangerous condition, of which Defendant knew or should have known;

    (h) negligently failing to properly train and supervise its employees and/or crew members regarding warning passengers of unsafe, hidden or dangerous conditions on board or to identify and remedy such unsafe, hidden or dangerous conditions;

    (i) negligently designing and/or constructing or creating the dangerous condition that existed in the passenger/pedestrian walkway;

37. At all times material herein Defendant, knew or, in the exercise of reasonable care, should have known of the existence of this hazardous tripping condition, and/or the condition had existed for a sufficient length of time that Defendant knew or should have known of the condition and could have easily remedied the condition by marking the raised edge or giving a verbal warning to fare paying passengers and invitees coming onto their vessel.

38. As a direct and proximate result of Defendant's negligence, Brenda Allen, violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and the Plaintiff will suffer losses and impairment into the future.

**WHEREFORE**, Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against Defendant and demands a jury trial of all issues so triable.

## COUNT IV -VICARIOUS LIABILITY AS TO NCL CORPORATION, LTD.

39. Plaintiffs re-allege paragraphs 1 through 26 above as though fully set forth herein and further allege:

40. Defendant, NCL Corporation, LTD., at all times material hereto, was the employer and/or principal of certain cruise ship employees and/or agents of the PRIDE OF AMERICA vessel.

41. At all material times hereto, said cruise ship employees and/or agents owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in a reasonably safe condition and to avoid creating any hazards or dangerous conditions of which said employees and/or agents knew, or through the exercise of reasonable care should have known.

42. Moreover, said employees and/or agents had the duty to warn Plaintiff of any dangerous conditions of which they knew, or through the exercise of reasonable care should have known.

43. On or about May 29, 2016, said employees and/or agents in the scope and course of their employment with Defendant, breached the above duty of care by:

   (a) negligently leading Brenda Allen into the area of the dangerous condition without providing a warning of the subject raised and hidden edge;

   (b) negligently directing Brenda Allen to a dangerous condition known to exist or which should have been known to exist by said employees and/or agents;

(c) negligently directing a large group of passengers, including Brenda Allen, to traverse an area not suited for such a group.

44. Defendant is vicariously liable for the acts and behavior of said employees and/or agents.

45. As a result of the negligence of said employees and/or agents during and within the course and scope of their employment with Defendant, Brenda Allen violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and Plaintiff will suffer losses and impairment into the future.

**WHEREFORE,** Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against Defendant and demands a jury trial of all issues so triable.

## COUNT V- VICARIOUS LIABILITY AS TO NCL (BAHAMAS), LTD., d/b/a NORWEGIAN CRUISE LINE

46. Plaintiffs re-allege paragraphs 1 through 20, and 27 through 32 above as though fully set forth herein and further allege:

47. Defendant, NCL (BAHAMAS) LTD., d/b/a NOREWEGIAN CRUISE LINE., at all times material hereto, was the employer and/or principal of certain cruise ship employees and/or agents of the PRIDE OF AMERICA vessel.

48. At all material times hereto, said cruise ship employees and/or agents owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in a reasonably safe condition and to avoid creating any hazards or dangerous conditions of

which said employees and/or agents knew, or through the exercise of reasonable care should have known.

49. Moreover, said employees and/or agents had the duty to warn Plaintiff of any dangerous conditions of which they knew, or through the exercise of reasonable care should have known.

50. On or about May 29, 2016, said employees and/or agents in the scope and course of their employment with Defendant, breached the above duty of care by:

   (a) negligently leading Brenda Allen into the area of the dangerous condition without providing a warning of the subject raised and hidden edge;

   (b) negligently directing Brenda Allen to a dangerous condition known to exist or which should have been known to exist by said employees and/or agents.

   (c) negligently directing a large group of passengers, including Brenda Allen, to traverse an area not suited for such a group.

51. Defendant is vicariously liable for the acts and behavior of said employees and/or agents.

52. As a result of the negligence of said employees and/or agents during and within the course and scope of their employment with Defendant, Brenda Allen violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and Plaintiff will suffer losses and impairment into the future.

**WHEREFORE,** Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against the Defendant and demands a jury trial of all issues so triable.

## COUNT VI- VICARIOUS LIABILITY AS TO NCL AMERICA LLC., d/b/a NCL AMERICA

53. Plaintiffs re-allege paragraphs 1 through 20, and 33 through 38 above as though fully set forth herein and further allege:

54. Defendant, NCL AMERICA LLC., d/b/a NCL AMERICA, at all times material hereto, was the employer and/or principal of certain cruise ship employees and/or agents of the PRIDE OF AMERICA vessel.

55. At all material times hereto, said cruise ship employees and/or agents owed Brenda Allen the highest duty of care as a common carrier and/or in the event that the highest duty of care was not owed, owed a duty to Plaintiff of using reasonable care under the circumstances for her safety, and to maintain the passenger spaces of the ship in a reasonably safe condition and to avoid creating any hazards or dangerous conditions of which said employees and/or agents knew, or through the exercise of reasonable care should have known.

56. Moreover, said employees and/or agents had the duty to warn Plaintiff of any dangerous conditions of which they knew, or through the exercise of reasonable care should have known.

57. On or about May 29, 2016, said employees and/or agents in the scope and course of their employment with Defendant, breached the above duty of care by:

(a) negligently leading Brenda Allen into the area of the dangerous condition without providing a warning of the subject raised and hidden edge;

(b) negligently directing Brenda Allen to a dangerous condition known to exist or which should have been known to exist by said employees and/or agents.

(c) negligently directing a large group of passengers, including Brenda Allen, to traverse an area not suited for such a group.

58. Defendant is vicariously liable for the acts and behavior of said employees and/or agents.

59. As a result of the negligence of said employees and/or agents during and within the course and scope of their employment with Defendant, Brenda Allen violently tripped and fell and suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. These injuries are either permanent or continuing in nature and Plaintiff will suffer losses and impairment into the future.

**WHEREFORE,** Plaintiff, Brenda Allen demands judgment for all damages recoverable under the law against Defendant and demands a jury trial of all issues so triable.

## COUNT VII- LOSS OF CONSORTIUM AS TO ALL DEFENDANTS

60. Plaintiffs re-allege paragraphs 1 through 59 above as though fully set forth herein and further allege:

61. At all times material hereto, Plaintiff Donald Allen, Sr. was the lawful spouse of Brenda Allen.

62. On or about May 29, 2016, Defendant and/or its agents, servants, and/or employees breached their duty to provide Brenda Allen with reasonable care under the circumstances resulting in the aforementioned injuries to Brenda Allen.

63. As Brenda Allen's husband, Donald Allen, Sr. is entitled to recover damages that will reasonably compensate him for his loss of consortium/society. As a direct and proximate result of Defendants' negligence and other wrongful conduct, Plaintiff Donald Allen, Sr. has in the past and will in the future suffer loss of his wife's care, comfort, support,

services, companionship, and consortium. Donald Allen, Sr., because of the injuries suffered by Brenda Allen, has had to provide services for her care and comfort, and will have to do so in the future. Additionally, because of the injuries suffered by Brenda Allen, Donald Allen, Sr. has incurred and will continue to incur expense for medical care and services rendered to, and to be rendered to Brenda Allen.

**WHEREFORE**, Plaintiff, Donald Allen, Sr. demands judgment for all damages recoverable under the law against Defendants and demands a jury trial of all issues so triable.

Respectfully submitted, this 30th day of December, 2016.

JOHN M. MURRAY
Florida Bar No. 157325
**NATHAN M. WHEAT**
Florida Bar No. 86602
**MIKE BREEN**
Florida Bar No. 84906
**MURRAY, MORIN & HERMAN, P.A.**
101 E. Kennedy Boulevard, Suite 1810
Tampa, Florida 33602-5148
**Designated service email:** tampa@mmhlaw.com
Telephone: 813.222.1800
Facsimile: 813.222.1801
*Counsel for Plaintiff*