UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-25382-CIV-GAYLES/TURNOFF

BRENDA ALLEN and DONALD ALLEN, SR.,

    Plaintiffs,
v.

NCL CORPORATION, LTD.; NCL
(BAHAMAS), LTD., d/b/a NORWEGIAN
CRUISE LINE; and NCL AMERICA LLC
d/b/a NCL AMERICA

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 15]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, Defendants' Motion is granted.

## BACKGROUND

On May 29, 2016, Plaintiff Brenda Allen ("Plaintiff") tripped and fell on a walkway aboard the Norwegian vessel *Pride of America*. The accident occurred while the ship was docked in Hawaii. On February 22, 2017, Plaintiff and her husband, Donald Allen, Sr. ("Mr. Allen"), filed their Amended Complaint alleging claims for negligence, vicarious liability, and loss of consortium against each Defendant in separate counts. Plaintiff alleges that NCL Corporation, LTD.; NCL (Bahamas), LTD., d/b/a Norwegian Cruise Line; and NCL America LLC d/b/a NCL America (collectively the "Defendants") each owned, possessed, controlled, and/or operated the *Pride of America* vessel. Plaintiffs attached their guest ticket contract to the Amended Complaint. It provides, in pertinent part, that:

> The word "Carrier" shall mean NCL (Bahamas) Ltd. doing business as Norwegian Cruise Line and shall include its subsidiaries, affiliates, agents, assigns, as well as the vessel upon which the voyage was booked or any vessel substituted in its place, including the master and crew of the vessel(s) for Guest's voyage. However, for voyages on the Pride of America, the word "Carrier" shall mean NCL America LLC doing business as NCL America and shall include its subsidiaries, affiliates, agents, assigns, as well as the vessel Pride of America, or any vessel substituted in its place, including the master and crew of the vessel(s) for Guest's voyage.

[ECF No. 10 Ex. A ¶ 1]

On March 8, 2017, Defendants moved to dismiss Mr. Allen's loss of consortium claim and all claims against NCL Corporation and NCL (Bahamas).

## ANALYSIS

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the

complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

### I.    Loss of Consortium

Maritime law does not authorize loss of consortium claims. *See Zagrean v. NCL (Bahamas) Ltd*, 157 F. Supp. 3d 1201, 1201-02 (S.D. Fla. 2016) (citing *Lollie v. Brown Marine Service, Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993)). Plaintiffs contend that *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009), which held that an injured seaman may recover punitive damages, stands for the proposition that common law remedies, such as loss of consortium, are available under maritime law. The Supreme Court's decision in *Atlantic Sounding*, however, was based on the long-established availability of punitive damages under general maritime law. *Id.* at 424. Although the Eleventh Circuit has not addressed loss of consortium claims since *Atlantic Sounding*, the Eighth Circuit has held "that there is no well-established admiralty rule, as there is with respect to punitive damages, authorizing loss of consortium damages as a general matter." *Doyle v Graske*, 579 F.3d 898, 906 (8th Cir. 2009). *See also Zagrean*, 157 F. Supp. 3d at 1202 ("[t]he Eleventh Circuit has not interpreted *Atlantic Sounding* to permit loss of consortium claims by the spouses of cruise ship passengers").

To circumvent maritime law, Plaintiffs argue that because the ship was docked in Hawaii at the time of the alleged incident, either Hawaii, Georgia (Plaintiffs' state of residence), or Florida law should control. Plaintiffs' argument is without merit. Injury on a ship on navigable waters falls under admiralty jurisdiction. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959) (holding that an injury which occurred on a vessel while the vessel was berthed in New York was governed by maritime law). In *Doe v. Celebrity Cruises, Inc.*, the Eleventh Circuit held that admiralty jurisdiction applied to a case in which the injury occurred onshore while the cruise ship was docked in port. 394 F.3d 891, 901 (11th Cir. 2004). The Court

reasoned that the cruise line and passengers should not be subject to different laws as they navigated through different jurisdictions or when the passenger went ashore at a port-of-call.

> We see no reason that cruise lines' liability to their passengers while at a regularly-scheduled port-of-call and in a crew member's company should vary from port to port, especially given the potentially disruptive impact on maritime commerce. Indeed, a ruling that admiralty jurisdiction did not extend literally beyond the gangplank in this case would upset the very uniformity that the Supreme Court has determined is so important for maritime activity.

*Id.* at 902. Plaintiff's trip and fall occurred onboard the *Pride of America* while it was docked in the territorial waters of Hawaii. As a result, her claims are governed by maritime law. Additionally, Plaintiffs are bound by the Guest Ticket Contract which provides that "any and all disputes whatsoever arising out of or relating to this Contract or the Guest's cruise" are "governed exclusively by the general maritime law of the United States" [ECF No. 10 Ex. A ¶ 14][1]. Accordingly, Mr. Allen's loss of consortium claim is dismissed.

## II. Claims against NCL Corporation Ltd. And NCL (Bahamas) Ltd.

NCL Corporation and NCL (Bahamas) seek dismissal from this action arguing that Plaintiff's negligence and vicarious liability claims should be brought only against NCL America LLC, the operator of the *Pride of America*. The Guest Ticket Contract "is between the Carrier and the Guest." [ECF No. 10 Ex. A ¶ 1]. Plaintiff, who used the ticket for her voyage, is the Guest. The contract expressly states that while "Carrier" usually means NCL (Bahamas), "for voyages on the Pride of America, the word 'Carrier' shall mean NCL America LLC doing business as NCL America and shall include its subsidiaries, affiliates, agents, assigns, as well as the vessel Pride of America, or any other vessel substituted in its place, including the master and crew of the vessel(s) for Guest's voyage." *Id*. The Guest Ticket Contract clearly governs the relationship between the parties and designates NCL America LLC as the party responsible for

---

[1] Plaintiff concedes validity of the Guest Ticket Contract by attaching it to the Amended Complaint and referencing it in her allegations [ECF No. 10 ¶ 13].

4

the vessel and Plaintiff's experience on the vessel. As such, NCL America LLC is the proper defendant for Plaintiff's negligence and vicarious liability claims.

In spite of the Guest Ticket Contract's clear designation of NCL America LLC as the Carrier and operator of the vessel, Plaintiff attempts to implicate NCL Corporation and NCL (Bahamas) with vicarious liability and defective design allegations. Plaintiff's vicarious liability claims against NCL Corporation and NCL (Bahamas) fail because the crew of the *Pride of America* is included within the definition of Carrier.  NCL America LLC is the proper Defendant employer for Plaintiff's claims that the crew members should have prevented her accident. Accordingly, the vicarious liability claims against NCL Corporation and NCL (Bahamas) must be dismissed.

The only allegation in the Amended Complaint that could possibly implicate a party other than NCL America LLC relates to the design/layout of the walkway. Plaintiff makes the sole allegation that each defendant negligently approved, designed, constructed, and/or installed the walkway on which she tripped without alleging any supporting facts [ECF No. 10 ¶¶ 25, 31, 44, 51]. Plaintiff alleges no facts that, if true, would give rise to a plausible inference that NCL (Bahamas) or NCL Corporation was responsible for the walkway's design, construction, or installation.  Plaintiff's conclusory allegations are insufficient to state a claim against NCL (Bahamas) or NCL Corporation. *Iqbal*, 556 U.S. at 678. Accordingly, the negligence counts against NCL Corporation and NCL (Bahamas) (Counts I and II) shall be dismissed.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that

1. Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 15] is **GRANTED**.

2. Counts I, II, IV, V, and VII are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2017

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE